UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LARMONT STEBBINS, AKA MYRON STEBBINS, | No. 2:22-cv-1279 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SAN JOAQUIN COUNTY JAIL MEDICAL HEALTH CARE SERVICES, et al., | |
| Defendants. | |

Plaintiff is a former[1] a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants failed to provide adequate medical care while he was incarcerated at the San Joaquin County Jail. Presently before the court is plaintiff's request to proceed in forma pauperis and his complaint for screening. For the reasons set forth below, the undersigned will recommend that this action be dismissed as duplicative and that the request to proceed in forma pauperis be denied as moot.

---

[1] Review of the California Department of Corrections and Rehabilitation inmate locator website: https://inmatelocator.cdcr.ca.gov/ indicates that plaintiff is presently housed at Salinas Valley State Prison. This court may take judicial notice of such information. See Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records). Plaintiff is advised that Local Rule 183(b) requires that plaintiff keep the court advised as to his current address. In light of plaintiff's pro se status, the undersigned will direct the Clerk of the Court to serve a copy of this order on plaintiff at Salinas Valley State Prison.

**SCREENING**

I.     **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**I.     Allegations in the Complaint**

The events giving rise to the claim occurred while plaintiff was incarcerated at San Joaquin County Jail. (ECF No. 1.) Plaintiff has identified the San Joaquin County Jail medical health services and Sheriff P. Withrow as defendants. The allegations in the complaint are as follows:

> inadequate medical care ongoing medical issues with no resolution or futile resolutions to solve complicated medical issues which in itself is a deliberate indifference and/or gross negligence with a malicious intent forcing me to live in discomfort, suffering and pain for past 3 yrs.

(ECF No. 1 at 3.) He seeks resolution of the medical issues and monetary compensation. (Id.)

## II. Failure to State a Claim

Examination of the complaint and review of the Court's docket reveals that the pleading filed in this action contains allegations, nearly identical to, and therefore duplicative of, the complaint filed on June 7, 2021, in Stebbins v. San Joaquin County Jail, 2:21-cv-1010 DAD KJN (PC) (E.D. Cal.). "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted). "Plaintiff's generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

On the first page of the complaint, plaintiff states that the parties to this action and his prior lawsuit are the same. (ECF No. 1 at 1.) In his statement of the claim, plaintiff indicates that he seeks relief from "ongoing medical issues with no resolution or futile resolutions." (Id. at 3.) Thus, in both this action and Stebbins v. San Joaquin County Jail, 2:21-cv-1010 DAD KJN (PC), plaintiff alleges that he received inadequate medical treatment, has identified the same defendants, and seeks the same relief. See Stebbins v. San Joaquin County Jail Health Services Medical Staff, No. 2:21-cv-1010 TLN KJN P, 2022 WL 3691313 (E.D. Cal. Aug. 25, 2022). The court finds that this action is duplicative of Stebbins v. San Joaquin County Jail, 2:21-cv-1010

4

DAD KJN (PC) because it repeats the same allegations against the same defendants. Accordingly, the complaint should be dismissed.

## LEAVE TO AMEND

For the reasons stated above, the complaint should be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, given the defects noted above, the undersigned finds that granting leave to amend would be futile.

## IN FORMA PAUPERIS

As stated above, plaintiff filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 along with the complaint. (ECF No. 2.) However, the certificate portion of the request which must be completed by a jail official has not been filled out. Additionally, because the court recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

## CONCLUSION

Accordingly, the Clerk of the Court is ORDERED to:

1. Send a copy of this order to plaintiff at Salinas Valley State Prison; and
2. Randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis be denied as moot; and
2. The complaint (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 7, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/steb1279.3c+scrn fr